UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HERBERT EARL BLAKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 4:17-CV-51 RL-APR |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on the 28 U.S.C. § 2254 Habeas Corpus Petition Challenging a Prison Disciplinary Proceeding, filed by Herbert Earl Blakey, a pro se prisoner, on June 15, 2017. For the reasons set forth below, the habeas corpus petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

BACKGROUND

Blakey filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary hearing (MCF 17-01-0371) at the Miami Correction Facility where a Disciplinary Hearing Officer (DHO) found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction policy B-202. ECF 1 at 1. As a result, Blakey was sanctioned with the loss of 30 days earned credit time and was demoted from Credit Class 2 to Credit Class 3. *Id*.

DISCUSSION

Blakey argues there are three grounds which entitle him to habeas corpus relief. In the first ground, he claims that the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Blakey as follows:

On January 21, 2017 at approximately 10:42, I, Officer B. Johnson, was conducting a random cell search in cell 323/324. As I was searching the bottom bunk of Offender

2

> Blakey, Herbert 951672 C323 (B) under his pillow there
> was [a] paper towel soaked in coffee that had a small
> ripped of[f] piece of a greeting card on it. The coffee
> paper is known for what offenders use as rolling papers
> for smoking. As I continued to search the bottom bunk
> under the mattress in a book w[ere] two more pieces of a
> greeting card ripped up approximately the size of an
> offender id card. This is believed to be the liquid K2
> that is being sprayed on greeting cards that [are] coming
> through the mail.

ECF 1 at 4. K-2 is the name of synthetic marijuana. *See McNeeley v. Superintendent*, No. 3:13 CV 401, 2014 WL 301462, at *1 (N.D. Ind. Jan. 28, 2014) *citing* Nat'l Drug Control Pol'y, https://obamawhitehouse.archives.gov/ondcp/ondcp-fact-sheets/synthetic-drugs-k2-spice-bath-salts (last accessed November 28, 2017).

The IDOC defines offense B-202 as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The IDOC's definition of 'possession' includes any contraband on the prisoner's person, without reference to ownership: "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-

3

[101 The Disciplinary Code for Adult Offenders   6-1-2015.pdf.](#)
Indiana State law prohibits possession of any synthetic drug. Ind. Code § 35-48-4-11.5.

The DHO's finding that Blakey was guilty was neither arbitrary nor unreasonable in light of the evidence in the Conduct Report. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Here, Blakey's possession of drug paraphernalia—coffee paper and three ripped off pieces of greeting cards—used for rolling and smoking synthetic marijuana, combined with the suspicious concealment of these items under his pillow and mattress, constitute "some evidence" that Blakey was guilty of violating offense B-202.

In the second ground, Blakey argues that his due process rights were violated because the greeting cards were never tested to determine if liquid K-2 had been sprayed on them. ECF 1 at 2. Here, the prison's refusal to test the greeting cards did not violate Blakey's due process rights. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). While prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See*

*also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Thus, the fact that the greeting cards were not tested for liquid K-2 is not a basis for habeas relief.

In ground three, Blakey argues that Officer Johnson wrote him up "out of spite" or in retaliation for Officer Johnson's prior frivolous conduct reports being dismissed. ECF 1 at 3. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). While prisoners have a right to be free from arbitrary punishment, they are sufficiently protected from such action where the procedural safeguards in *Wolff* have been satisfied. *McPherson*, 188 F.3d at 787; *Guillen v. Finnan*, 219 F. App'x 579, 582 (7th Cir. 2007). Because Blakey was afforded appropriate procedural safeguards, his claim that the Officer Johnson's conduct report was retaliatory in nature does not entitle him to habeas corpus relief.

CONCLUSION

For the reasons set forth above, the habeas corpus petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

**DATED: December 18, 2017**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**